# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff, )<br>)<br>v. )<br>) Case No. 09-4003-08-CR-NKL<br>BRANDON JAMES ISOM, )<br>)<br>       Defendant. )<br>)<br>) | |

## ORDER

Pending before the Court is Defendant Brandon Isom's Motion to Withdraw Guilty Plea [Doc. #430]. For the foregoing reasons, the Court denies Isom's motion.

**I.  Background**

On January 22, 2009, an indictment was returned charging Isom, and fifteen other defendants, with various counts involving a drug conspiracy for the distribution of crack cocaine and the conversion of powder cocaine into crack cocaine. On September 30, 2009, and pursuant to a plea agreement, Isom pled guilty to Counts 1, 41, and 43 of the Superceding Indictment. On that date, the Court also accepted Isom's guilty plea. Subsequent to his guilty plea, counsel for Isom filed a Motion to Withdraw as Attorney [Doc. #431] and this Motion to Withdraw Guilty Plea [Doc. #430]. After a hearing on Isom's Motion to Withdraw as Attorney, Magistrate Judge William Knox granted his motion and ordered the appointment of new counsel and extended the time to respond to the Presentence Report. As a result, Defendant Isom's sentencing has not yet been scheduled.

## II. Discussion

A defendant who demonstrates "fair and just reason" may withdraw a guilty plea at the discretion of the district court. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996). Isom argues that he was under pressure to plead guilty and that he is in fact not guilty. Isom also asserts that his "attorney was against him and not representing his best interests" and that he does not agree with all of the facts asserted in the plea agreement he signed on September 28, 2009.

Isom acknowledged in both his plea agreement and at the plea hearing that his guilty plea was voluntary and knowing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). At the hearing in which he pled guilty, Isom agreed that he had not been coerced in any way or by any person to plead guilty. Further, Isom agreed that he had sufficient time to talk to his attorney before deciding how to plead and that he was satisfied with the representation he received from his attorney. His attorney had done everything he asked him to do, and his attorney had done nothing that Isom did not want him to do. Isom further agreed that he had plenty of time to review the files in this matter and fully consider what was in his best interest. Accordingly, Isom does not have a fair and just reason for withdrawing his plea. *See United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th cir. 1971))).

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant Brandon Isom's Motion to Withdraw Guilty Plea [Doc. #430] is DENIED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 25, 2010  
Jefferson City, Missouri